### JACOBOWITZ v. STRASBOURGER et al.

(Supreme Court, Appellate Term. February 7, 1908.)

SET-OFF AND COUNTERCLAIM—CLAIMS ARISING FROM CONTRACT.

The counterclaim, set up in an action to recover money deposited with defendants and which they accepted and agreed to pay over to plaintiff on her vacating premises at a certain time, of a claim for damages assigned to defendant, arising from plaintiff removing property from leased premises in violation of a provision of the lease, which was assigned to plaintiff, that all additions to and improvements of the premises by the lessee should become the property of the lessor and should not be removed, is within Code Civ. Proc. § 501, subd. 2, providing that a counterclaim set up to an action on contract may be any other cause of action on contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Set-Off and Counterclaim, §§ 52–57.]

Appeal from City Court of New York.

Action by Bertha Jacobowitz against Samuel Strasbourger and others. From a judgment entered in favor of plaintiff by direction of the court, and from an order denying a motion for new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Strasbourger, Weil, Eschwege & Schallek (Emanuel Eschwege, of counsel), for appellants.

Max Sheinart, for respondent.

GERARD, J. Plaintiff sued to recover money deposited with defendants, and which they accepted and agreed to pay over to her upon her removal from certain premises at a certain time. Defendants in their answer sought to defeat the plaintiff's recovery by interposing as

a counterclaim a claim which was assigned to them for damages for the removal from premises occupied by the plaintiff of certain property forming part of the realty. It was conceded upon the trial by defendants that plaintiff had performed the conditions of the agreement under which the money was deposited with them, and that a demand had been made for it. The court below directed the jury to find for the plaintiff, upon the ground that the counterclaim was no defense to the plaintiff's cause of action.

The sole question to be determined on this appeal is whether the defendants were entitled to the benefit of the counterclaim set up by them in their answer. Defendants signed the agreement acknowledging the receipt of the sum of $300, to be held by them in escrow for the following purposes:

"First. If Bertha Jacobowitz, the tenant of premises 302 Mott street, vacates said premises on or before the 4th day of May, 1907, such sum of money is to be paid over to her or her assigns, less such sum as the landlord will have to pay for water rent due up to May 1, 1907.

"Second. In the event of the failure of said Jacobowitz to vacate said premises on or before the 4th day of May, 1907, then to return said sum to Mitchele Briganti."

The counterclaim of the defendants is on a claim assigned to them, and which they allege in their answer grew out of the following circumstances: That the landlord had made a lease of the premises 302 Mott street, in which lease it was provided that all additions and improvements made to the premises by the lessee should become the property of the landlord, and could not at any time be removed; that the plaintiff became the assignee of said lease, and thereafter, in violation of the agreement above referred to, had removed from the premises certain property forming part of the realty and part of the additions and improvements thereto, of the value of $600; and that by reason of the said breach of the covenant and condition of said lease by the plaintiff the defendants' assignor had been damaged in the sum of $600. The learned court below directed a verdict for plaintiff, and refused a request of defendants' counsel to go to the jury on the question of the counterclaim, stating that the counterclaim set up was no defense to the action.

An examination of the complaint in this case shows that it sounds in contract, rather than in tort; and the counterclaim set up by the defendants is also clearly based on contract, rather than tort. There is a distinct allegation in the counterclaim that the plaintiff violated the conditions and covenants of the lease. Therefore there seems to be no reason why the counterclaim set up does not fall within subdivision 2 of section 501 of the Code of Civil Procedure, which provides that a counterclaim set up to an action on contract may be any other cause of action on contract existing at the commencement of the action.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.